IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SERGIO MEJIA, on behalf of himself and other persons similarly situated | ) ) ) |
| | ) CIVIL ACTION NO. |
| *Plaintiff*, | ) ) JUDGE |
| v. | ) ) |
| | ) MAG. JUDGE |
| TRAVIS BUQUET CONSTRUCTION, LLC, TRAVIS BUQUET HOME BUILDERS, LLC, and TRAVIS BUQUET, | ) ) ) ) |
| | ) |
| *Defendants*. | ) |

## COLLECTIVE ACTION COMPLAINT
## JURY TRIAL DEMANDED

Plaintiff Sergio Mejia, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against defendants Travis Buquet Construction, LLC, Travis Buquet Home Builders, LLC, and Travis Buquet.

## NATURE OF THE ACTION

1. This is an action by Sergio Mejia ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a general construction laborer by Defendants Travis Buquet Construction, LLC, Travis Buquet Home Builders, LLC, and Travis Buquet ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated

employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Sergio Mejia

5. Plaintiff is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately November 2011.

7. Plaintiff worked at numerous projects for Defendants in Louisiana, including in Houma and Morgan City. Each of Defendants' worksites were populated by approximately ten other laborers.

8. Plaintiff worked as a carpenter. In connection therewith Plaintiff performed duties related to building houses and other structures.

9. Defendants paid Plaintiff $17.75 per hour. For every hour that he worked in excess of forty in any particular week he was still paid only $17.75 per hour.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Defendants Travis Buquet Construction, LLC,**
**Travis Buquet Home Builders, LLC, and Travis Buquet**

11. Defendants Travis Buquet Construction, LLC and Travis Buquet Home Builders, LLC are limited liability companies organized under the laws of Louisiana with their principal place of business in Houma, Louisiana. They are both owned and operated by Defendant Travis Buquet and are based out of the same address.

12. Defendants Travis Buquet Construction, LLC, Travis Buquet Home Builders, LLC, Complete Homes, LLC, and Travis Buquet are collectively a "single business enterprise" and are hereinafter in this complaint referred to as "TBC."

13. TBC supervised the day to day work activities of Plaintiff.

14. TBC determined Plaintiff's work schedule for the employment at issue herein.

15. The paychecks that the Plaintiff received for the employment at issue herein regularly bore the name "Travis Buquet Construction, LLC."

16. TBC maintains an employment file for the Plaintiff.

17. TBC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

18. TBC is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

**FACTUAL ALLEGATIONS**

19. Defendants are in the business of building residential and commercial structures throughout the state of Louisiana. Defendants employ more than 50 laborers at various job sites simultaneously.

20. Plaintiff normally worked more than forty hours a week for the Defendants. Defendants often required Plaintiff to work six days per week.

21. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

22. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## **COLLECTIVE ACTION ALLEGATIONS**

23. Defendants paid the named Plaintiff and other similarly situated employees at an hourly rate for work performed.

24. Defendants treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

25. When the named Plaintiff and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## **COUNT I**
## **Fair Labor Standards Act – FLSA Overtime Class**

26. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

27. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and

failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

28. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least May 2013 and continuing until the present.

29. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*

Roberto Luis Costales
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33696
Telephone: (504) 534-5005
Facsimile: (504) 272-2956
*costaleslawoffice@gmail.com*

*/s/ Emily A. Westermeier*

Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*/s/ William H. Beaumont*

William H. Beaumont
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33005
Telephone: (504) 483-8008
*whbeaumont@gmail.com*

*Attorneys for Plaintiff*