UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Mejia                                                                       Civil Action No. 6:16-01504

versus                                                                      Judge Rebecca F. Doherty

Travis Buquet Construction, LLC et al          Magistrate Judge Carol B. Whitehurst

### ORDER AND REASONS

Pending before the undersigned is a Rule 12(b)(6) Motion To Dismiss and Rule 12(b)(3) Motion To Transfer Venue [Rec. Doc. 16] filed by defendants, Travis Buquet Construction, LLC, Travis Buquet Home Builders, LLC and Travis Buquet, and plaintiff, Sergio Mejia's, memorandum in opposition to Defendants' Motion [Rec. Doc. 19]. For the reasons that follow, the Motion to Dismiss will be denied as moot and the Motion to Transfer will be granted.

This is a collective action for violation of the Fair Labor Standards Act ("FLSA") brought by Plaintiff, individually and on behalf of all other similarly situated installers (collectively referred to as "Plaintiff"). Plaintiff alleges in his Amended Complaint that he worked for Travis Buquet Construction, LLC ("TBC"), Travis Buquet Home Builders, LLC ("TBH") and Travis Buquet ("Buquet") (collectively referred to as "Defendants") in Houma and Morgan City, Louisiana, from approximately November 2011 until approximately August 2016, as a carpenter

related to building houses and other structures. *R. 14, ¶¶ 6-8.* Plaintiff alleges that Defendants, TBC and TBH are owned and operated by Defendant Buquet with their principal place of business in Houma, Louisiana. *Id. at 11.* He states that TBC and TBH "are collectively a 'single business enterprise'" and that his paychecks were issued by TBC. *Id. at ¶¶ 12, 15.*

Plaintiff alleges he was an "employee" of Defendants under 29 U.S.C. § 203(e). *Id. at ¶ 10.* He further alleges he normally worked more than forty hours a week—on average at least 10 hours a day Monday through Friday and at least 7 hours a day on Saturday. *Id. at ¶ 25.* Plaintiff alleges Defendants paid him $17.75 per hour and that he was not paid overtime for hours he worked over forty hours in a work week. *Id. at ¶¶ 9, 26.*

Defendants seek dismissal of TBH and Buquet under Federal Rule of Civil Procedure 12(b)(6). They assert that TBH "is simply a holding company that owns properties upon which homes are built" and Buquet "is one of the owners of TBC", but TBH and Buquet: (1) have no employees; (2) do not engage in the construction of homes; (3) never employed Plaintiff; and (4) never issued a check to Plaintiff. Defendants further assert that Plaintiff's allegation that all Defendants are a "single business enterprise" is merely *"conclusory"* and does not provide a claim against TBH or Buquet.

Defendants also seek transfer of this action to the Eastern District of Louisiana under Rule 12(b)(3) for improper venue. In his Opposition memorandum, Plaintiff confirms Defendants' statement that "Plaintiff does not oppose Defendants' Rule 12(b)(3) Motion to Transfer Venue." *R. 16, 19*.

Generally the court should not consider challenges under Rule 12(b) (6) until after jurisdiction and venue challenges are resolved. *Arrowsmith v. United Press Int'l.*, 320 F.2d 219, 221 (2d Cir.1963) (holding that it was error for district court to dismiss action for failure to state a claim prior to addressing challenges to personal jurisdiction and venue, because dismissal on the former ground would be with prejudice, while dismissal for either of the two latter grounds would be without prejudice).[1] Accordingly, the Court will consider Defendant's argument of improper venue first.

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to improper venue. Where, as here, the Court rules without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case that the Court has jurisdiction over the defendant. *Johnston v.*

---

[1] A motion to transfer venue is not dispositive on any issue, nor does it deprive any party of the ability to assert any claim or defense. On the other hand, a motion to dismiss, if granted, by its very nature deprives a party of bringing certain claims or defenses, and the Court must adhere to a stricter standard of analysis when considering a motion to dismiss. *Auto-Dril, Inc. v. National Oilwell Varco, L.P.*, 2015 WL 12868183, at *5 (W.D.Tex., 2015).

*Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In deciding the motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Services, Co. v. Modec (USA), Inc.*, 240 Fed.Appx. 612, 615 (5th Cir. 2007). Unlike a Rule 12(b)(6) motion, however, the court may consider extrinsic evidence—including affidavits and other evidentiary materials— in determining whether venue is proper. *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

28 U.S.C. § 1406 states, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Whether or not this Court is a proper venue is determined pursuant to 28 U.S.C. § 1391. Section 1391(b) provides: "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

Here, Defendants attached to their motion a detailed report from the Louisiana Secretary of State which provides that TBC is a Louisiana limited liability company domiciled at 510 Bayou Gardens Drive, Houma, Louisiana. 70364. *R. 16-2, Exh. A*. Also, the factual allegations in Plaintiff's Amended Complaint allege that Defendants

are limited liability companies organized under the laws of Louisiana with their principal place of business in Houma, Louisiana, *R. 14, ¶ 11*; Plaintiff worked in Houma and in Morgan City[2], *Id at ¶ 7*; and, Plaintiff was paid with checks issued by TBC from its office in Houma. Houma is located in the Eastern District of Louisiana. Based on the foregoing, as well as the fact that Plaintiff does not object to the transfer of venue, the Court finds that venue in this case lies within the Eastern District of Louisiana.

Having reviewed the pleadings, the record, and the relevant law, the Court concludes that Defendants' unopposed Motion To Transfer Venue is merited and that venue is lacking in the Western District of Louisiana. Therefore, the Court transfers this case to the United States District Court for the Eastern District of Louisiana, and declines to consider Defendants' 12(b)(6) motion for failure to state a claim. Accordingly,

**IT IS ORDERED** that the unopposed Rule 12(b)(3) Motion To Transfer Venue filed by defendants, Travis Buquet Construction, LLC, Travis Buquet Home Builders, LLC and Travis Buquet [Rec. Doc. 16] is **GRANTED** and this matter is **TRANSFERRED** to the Eastern District of Louisiana.

---

[2] While Morgan City, Louisiana is in the Western District, Plaintiff does not allege the time spent in Morgan City or whether he worked in Morgan City more or less time than in Houma.

**IT IS FURTHER ORDERED** that the Rule 12(b)(6) Motion To Dismiss filed by defendants, Travis Buquet Construction, LLC, Travis Buquet Home Builders, LLC and Travis Buquet [Rec. Doc. 16] is **DENIED AS MOOT**.

This Order shall be **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, this Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the clerk shall transfer the action forthwith.

**THUS DONE AND SIGNED** this 8th day of March, 2017 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE