UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SERGIO MEJIA | CIVIL ACTION |
| VERSUS | NO: 17-3494 |
| TRAVIS BUQUET CONSTRUCTION, LLC | SECTION: "A" (1) |

### ORDER

The following motion is before the Court: **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 23)** filed by defendants Travis Buquet Home Builders, LLC and Travis Buquet. Plaintiff Sergio Mejia opposes the motion. The motion, submitted on June 28, 2017, is before the Court on the briefs without oral argument.

This is a Fair Labor Standards Act ("FLSA") collective action to recover unpaid overtime wages. Plaintiff alleges that he worked for Defendants as a carpenter from November 2011 to August 2016. (Rec. Doc. 14, FAC ¶ 6). Plaintiff alleges that at times he worked in excess of forty hours a week but was not paid overtime wages. (*Id.* ¶ 9). Plaintiff seeks to certify a collective action so that similarly situated employees of Defendants can receive notice of their rights.

Defendants Travis Buquet Construction, LLC and Travis Buquet Home Builders, LLC are limited liability companies with their principal places of business in Houma, Louisiana. Both entities are owned by codefendant Travis Buquet. (*Id.* ¶ 11). Plaintiff has sued all three defendants collectively as "TBC" and alleges that they are a "single business enterprise." (*Id.* ¶ 12).

The movant-defendants Travis Buquet Home Builders, LLC and Travis Buquet move to dismiss the claims against them arguing that they did not employ Plaintiff, and that his allegation of a "single business enterprise" is without factual support.

Plaintiff, on the other hand, contends that his factual allegations must be accepted as true at this stage of the litigation.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d

690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Although Defendants' arguments are well-taken, the Court is persuaded that the motion to dismiss must be denied. Employer status under the FLSA is based on the fact-intensive "economic reality" test, which has several elements, not all of which must be satisfied in every case. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (citing *Carter v. Dutchess Comm. College*, 735 F.2d 8, 12 (2nd Cir. 1984)). The test includes inquiries into whether the alleged employer 1) has the power to hire and fire employees, 2) supervised and controlled employee work schedules or conditions of employment, 3) determined the rate and method of payment, and 4) maintained employment records. *Id.* A complaint need not detail every fact on which the plaintiff may ultimately rely upon to prove his claim. *Akins v. Worley Catastrophe Resp., LLC*, 921 F. Supp. 2d 593, 605 (E.D. La. 2013) (Wilkinson, M.J.).

Plaintiff's allegations are sufficient to withstand dismissal on Rule 12(b)(6) grounds. But the Court reminds Plaintiff that it will be his burden to prove employer status under the economic reality test *for each individual entity* or person that he intends to pursue as an FLSA "employer." *See Watson*, 909 F.2d at 1556. Merely characterizing the defendants collectively as a "single business enterprise" will not suffice once Plaintiff has had the opportunity to conduct discovery on the "employer" issue. Nothing in this ruling precludes movants from re-urging their arguments at a more appropriate time via a well-supported motion for summary judgment.

Accordingly;

**IT IS ORDERED** that the **Rule 12(b)(6) Motion to Dismiss (Rec. Doc.**

**23)** filed by defendants Travis Buquet Home Builders, LLC and Travis Buquet is **DENIED**.

June 28, 2017

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE